# IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF ALABAMA

UNITED STATES OF AMERICA

CASE NO.: 25-CR-08

v.

JOSE ALBERTO PEREZ GOMEZ

## DEFENDANT'S SENTENCING MERMORANDUM, REQUEST FOR SAFETY VALVE RELEIF, AND MOTION FOR A DOWNWARD DEPARTURE

COMES NOW, the Defendant, by and through the undersigned and hereby files his Sentencing Memorandum as follows:

This pleading is based upon the factors listed in 18 U.S.C. §3553(f)(1)-(5) and 18 U.S.C. 3553(a). Defendant submits that the nature and circumstances of the offense, the history and characteristics of the Defendant, the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law and to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the Defendant; to provide him with adequate educations or vocational training, medical care, or other correctional treatment in the most cost effective manner, and the need to avoid unwarranted sentencing variances. For the reasons that follow a downward departure is appropriate and will address the seriousness of the offense and will meet the sentencing objectives of deterrence and punishment.

## FACTS

This is a typical MDLEA case. The Defendant was apprehended on a go-fast boat with four other individuals. Defendant has informed the undersigned that he grew up poor, but that his parents did their best to provide for him and his siblings. He has a limited education. Mr. Perez Gomez – like his co-defendants – is a drug mule. Defendant informed the authorities immediately after his arrest that his role in this case was to keep the boat's engines supplied with fuel.

1

I.    **THE DEFENDANT QUALIFIES FOR SAFETY VALVE RELIEF**

1. 18 U.S.C. §3553(f)(1)-(5) provides that the Court may sentence the Defendant "without regard to any statutory minimum sentence" if the Court finds as follows:

(1) The defendant does not have-

   (A) More than 4 criminal history points, excluding any criminal history points resulting from a 1-point offense as determined under the guidelines…;

   (B) a prior 3 point offense …. and

   (C) a prior 2 point violent offense …

(2) The defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon in connection with the offense…;

(3) The offense did not result in death or serious bodily injury to any person;

(4) The defendant was not an organizer, leader, manager, or supervisor of others in the offense …; and

(5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

2. Defendant satisfies all criteria necessary for Safety Valve relief. He provided a statement to the authorities after his apprehension at sea regarding his involvement in this matter. No evidence has been submitted to the undersigned that demonstrates the Defendant acted as anything other than a drug mule.

4. On August 20, 2025 the probation officer submitted the final PSIR which stated that Defendant qualified for Safety Valve relief. (Doc. 99, PageID #302). The Government has not filed any objection to the Defendant's receiving Safety Valve relief.

## II. STATUTORY REASONS SUPPORTING A DOWNWARD VARIANCE

5. Defendant submits that the following factors listed in 18 U.S.C. 3553(a) relating to both the nature and characteristics of the offense and the history and characteristics of the Defendant further support a downward variance in this matter.

   **A. The Defendant did not supervise others or otherwise act as a manager in this offense.**

6. As noted *infra*, the Defendant did not participate in this offense as a manager or organizer of others.

   **B. The history and characteristics of the Defendant.**

7. Defendant has never been charged with a violent offense. He has informed the undersigned that he is "very sorry" for becoming involved in this matter. He has also informed the undersigned that he "does not want this to happen again" and that he misses his family.

   **C. Sentencing the Defendant as suggested herein provides just punishment for the offense .**

8. Defendant has admitted that he committed a serious violation of Federal law. He has attempted to mitigate the damage to himself and his family by admitting his role in the offense and pleading guilty. The undersigned and the Defendant respectfully request that the Court apply the Safety Valve and sentence the Defendant to a term of imprisonment far below the ten year statutory minimum and / or the minimum guideline sentence of 108 months.

## CONCLUSION

Koon v. United States, 518 U.S. 81, 113 (1996) provides that the "It has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify the crime and the punishment to ensure." The undersigned respectfully requests that the Court impose a sentence sufficient, but no greater than necessary, to appropriately punish this defendant as an individual.

Respectfully submitted,

/s/Michael Hickman
Michael Hickman (HIC013)
207 Church Street
Mobile, Alabama 36602
Michael.Hickman.Lawyer@gmail.com
251-300-4333

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 17th day of September, 2025, I served a copy of the foregoing on all counsel of record via the CM/ECF system.

/s/Michael Hickman